FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS
Aug 4, 2022
OFFICE OF THE CLERK

# UNITED STATES DISTRICT COURT
for the
Western District of Arkansas
El Dorado Division

| | |
|---|---|
| IN THE MATTER OF THE USE OF A CELL-SITE SIMULATOR TO LOCATE THE CELLULAR DEVICE ASSIGNED CALL NUMBER 870-949-2995 | No. _____1:22-cm-48_____<br><br>**Filed Under Seal** |

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe property to be searched and give its location)*:
   **See "Attachment A"**

located in the Western District of Arkansas there is now concealed *(identify the person or describe the property to be seized)*:
   **See "Attachment B"**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
   [ ] evidence of a crime;
   [ ] contraband, fruits of crime, or other items illegally possessed;
   [ ] property designed for use, intended for use, or used in committing a crime;
   [X] a person to be arrested or a person who is unlawfully restrained.

The search is related to violations, in the Western District of Arkansas, of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) and (b)(1)(C) and § 846 | Conspiracy to Distribute Methamphetamine |

The application is based on these facts:   (See attached affidavit of SA James Arnold, FBI)
   [X]   Continued on the attached sheet.

   [X]   Delayed notice of _30_ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*(Appearing by telephone conference call at 415-527-5035)*
SA James Arnold, Federal Bureau of Investigation
*Affiant*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1, by appearing via telephone conference call at 415-527-5035.

Date: 8-4-22

City and state: Texarkana, AR

Judge's signature

Hon. Barry A. Bryant, United States Magistrate Judge, W. D. Ark.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

| | |
|---|---|
| IN THE MATTER OF THE USE OF A CELL-SITE SIMULATOR TO LOCATE THE CELLULAR DEVICE ASSIGNED CALL NUMBER 870-949-2995 | Case No. _____1:22-cm-48_____<br><br>**Filed Under Seal** |

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, James Arnold, being duly sworn, depose and state the following:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 to authorize law enforcement to employ an electronic investigative technique, which is described in Attachment B, to determine the location of the cellular device assigned call number 870-949-2995, (hereinafter **Target Telephone** or **TT#6**) which is described in Attachment A.

2. I am a Special Agent with the FBI and have been so employed since October of 2019. Prior to my employment with the FBI, I served as a law enforcement officer in South Carolina for approximately nine and one-half years. During that time, I also served as a criminal analyst for the South Carolina Governors Counterdrug Task Force assigned to the Drug Enforcement Administration (DEA). I am currently assigned to the El Dorado Resident Agency of the Little Rock Division within the FBI. During my employment with the FBI, I have received training concerning and been involved in the investigations of numerous federal

offenses to include federal drug trafficking offenses in violation of Title 21 U.S.C. § 841(a)(1) and conspiracy to do the same in violation of Title 21 U.S.C. § 846.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other law enforcement personnel. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. One purpose of applying for this warrant is to determine with precision **TT#6**'s location. However, there is reason to believe **TT#6** is currently located somewhere within this district because 1) the target telephone's user, Jvance Radford, is known to reside in Columbia County, Arkansas, which is in the Western District of Arkansas, 2) the area code assigned to the target telephone, "870," is geographically associated with areas in both the Western and Eastern Districts of Arkansas, 3) pursuant to an administrative subpoena issued by the FBI, AT&T identified RADFORD, address 570 Columbia Road 202, Magnolia, Arkansas, as the subscriber for **TT#6**. Pursuant to Rule 41(b)(2), law enforcement may locate the Target Telephone outside the district provided the device is within the district when the warrant is issued.

5. On August 3, 2022, a felony arrest warrant was issued for Jvance RADFORD based upon a complaint filed in the United States District Court for the Western District of Arkansas. That complaint was supported by a sworn affidavit establishing probable cause to believe that, between on or about August 1, 2021, and on or about July 7, 2022, RADFORD conspired with others known and unknown to distribute a controlled substance, namely a mixture or substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846. As set forth below, there is also

probable cause to believe that determining the Target Telephone's location will assist law enforcement in arresting RADFORD, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

6. Because collecting the information authorized by this warrant may fall within the statutory definitions of a "pen register" or a "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), this warrant is designed to comply with the Pen Register Statute as well as Rule 41. See 18 U.S.C. §§ 3121-3127. This warrant therefore includes all the information required to be included in a pen register order. See 18 U.S.C. § 3123(b)(1).

## PROBABLE CAUSE

7. In April of 2018, the FBI's El Dorado Resident Agency (RA) opened an investigation into a Drug Trafficking Organization (DTO) based in Magnolia, Columbia County, Arkansas, which is in the Western District of Arkansas. The portion of the investigation involving Christopher WALTERS was initiated based on intelligence gathered from a confidential source. WALTERS and several co-conspirators, including RADFORD, have been identified as members of the Walters Drug Trafficking Organization (WDTO) who are collectively involved in street gang activity and poly-drug trafficking in and around Columbia County, Arkansas.

### Identification of RADFORD and Use of TT#6

8. On or about June 6, 2022, pursuant to an administrative subpoena issued by the FBI, AT&T provided subscriber information for **TT#6** and identified Jvance Radford of 570 Columbia 202, Magnolia, Arkansas, which is in the Western District of Arkansas, as the

3

subscriber. Furthermore, the FBI has conducted several controlled purchases of methamphetamine and suspected fentanyl from RADFORD which were facilitated by conducting recorded telephone calls to **TT#6**.

9. As described above, RADFORD has an active arrest warrant issued in the Western District of Arkansas. Furthermore, RADFORD is kwown to reside in Magnolia, Columbia County, Arkansas but does not have a vehicle. As a result, obtaining his exact location through the use of physical surveillance is difficult. Therefore, there is probable cause to believe that monitoring the precise location of **TT#6** for the next thirty days would aid in the arrest of RADFORD.

## MANNER OF EXECUTION

10. In my training and experience, I have learned that cellular phones and other cellular devices communicate wirelessly across a network of cellular infrastructure, including towers that route and connect individual communications. When sending or receiving a communication, a cellular device broadcasts certain signals to the cellular tower that is routing its communication. These signals include a cellular device's unique identifiers.

11. To facilitate execution of this warrant, law enforcement may use an investigative device or devices capable of broadcasting signals that will be received by the Target Telephone or receiving signals from cellular devices, including the Target Telephone. Such a device may function in some respects like a cellular tower, except that it will not be connected to the cellular network and cannot be used by a cell phone to communicate with others. The device may send a signal to the Target Telephone and thereby prompt it to send signals that include the unique

identifier of the device. Law enforcement may monitor the signals broadcast by the Target Telephone and use that information to determine the Target Telephone's location, even if it is located inside a house, apartment, or other building.

12. The investigative device may interrupt cellular service of phones or other cellular devices within its range. Any service disruption to non-target devices will be brief and temporary, and all operations will attempt to limit the interference with such devices. In order to connect with the Target Telephone, the device may briefly exchange signals with all phones or other cellular devices in its range. These signals may include cell phone identifiers. The device will not complete a connection with cellular devices determined not to be the Target Telephone, and law enforcement will limit collection of information from devices other than the Target Telephone. To the extent that any information from a cellular device other than the Target Telephone is collected by the law enforcement device, law enforcement will delete that information, and law enforcement will make no investigative use of it absent further order of the court, other than distinguishing the Target Telephone from all other cellular devices.

## AUTHORIZATION REQUEST

13. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41. The proposed warrant also will function as a pen register order under 18 U.S.C. § 3123.

14. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days from the end of the period of authorized surveillance. This delay is justified because

there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Telephone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and [continue to] flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). There is reasonable necessity for the use of the technique described above, for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

15. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Telephone outside of daytime hours.

16. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

17. A search warrant may not be legally necessary to compel the investigative technique described herein. Nevertheless, I hereby submit this warrant application out of an abundance of caution.

FURTHER YOUR AFFIANT SAYETH NOT.

Respectfully submitted,

(Appearing by telephone conference call at 415-527-5035) /BAS/
Special Agent James Arnold
Federal Bureau of Investigation

Attested to by the affiant in accordance with the requirements of Fed. R. Crim. P. 4.1, by appearing via telephone conference call at 415-527-5035 on this 4th day of August 2022.

_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

This warrant authorizes the use of the electronic investigative technique described in Attachment B to identify the location of the cellular device assigned phone number 870-949-2995, whose wireless provider is AT&T.

## ATTACHMENT B

Pursuant to an investigation of Jvance Radford for a violation of Title 21 U.S.C. § 846, conspiracy to distribute methamphetamine, a Schedule II controlled substance, this Warrant authorizes the officers to whom it is directed to determine the location of the cellular device identified in Attachment A by collecting and examining:

1. radio signals emitted by the Target Telephone for the purpose of communicating with cellular infrastructure, including towers that route and connect individual communications; and

2. radio signals emitted by the Target Telephone in response to radio signals sent to the cellular device by the officers;

for a period of thirty days, during all times of day and night. This warrant does not authorize the interception of any telephone calls, text messages, other electronic communications, and this warrant prohibits the seizure of any tangible property. The Court finds reasonable necessity for the use of the technique authorized above. *See* 18 U.S.C. § 3103a(b)(2).